UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADVANCE PACKAGING
TECHNOLOGIES,

   Plaintiff,

vs.

THE KL COMPANIES, INC
D/B/A KL OUTDOORS,

   Defendant.

Case No.
Honorable
Magistrate

SHERI B. CATALDO (P39276)
Sullivan, Ward, Patton, Gleeson & Felty, P.C.
Attorneys for Plaintiff
400 Galleria Officentre-Ste. 500
Southfield, MI  48034
(248) 746-0700
scataldo@sullivanwardlaw.com

## COMPLAINT

**NOW COMES** Plaintiff, Advance Packaging Technologies, by and through its attorneys, SULLIVAN, WARD, PATTON, GLEESON & FELTY P.C., and for its Complaint, states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Advance Packaging Technologies ("Plaintiff" or "Advance") is a Michigan limited liability company with its principal place of business is Oakland County, Michigan.

2. Defendant, The KL Companies Inc d/b/a KL Outdoors ("Defendant New KL Outdoors") is a Delaware corporation with its principal place of business in Muskegon County, Michigan and whose address is 1790 Sun Dolphin Rd, Muskegon, Michigan 49444-1800.

3. Jurisdiction is proper in this matter pursuant to 28 USC 1332 where the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

4. Venue is proper in this matter pursuant to 28 USC 1391 (b) and (c) as Defendant New KL Outdoors resides in the western district of Michigan and a substantial part of the events or omissions giving rise to its breach of contract occurred in the western district of Michigan.

## GENERAL ALLEGATIONS

5. Plaintiff Advance is a supplier of specialty packaging materials to retail and industrial industries.

6. Defendant New KL Outdoors manufactures and sells kayaks, canoes and other personal watercraft.

7.      On December 22, 2017, KL Holdings LLC doing business as KL Outdoors ("KL Outdoors") and Plaintiff entered into a KL Outdoors Consignment Program Agreement in which Plaintiff agreed to provide certain packaging products (the "Product") to KL Outdoors on a rotating basis pursuant to purchase orders issued by KL Outdoors. (the "Consignment Agreement")  (**Exhibit A**)

8.      Advance undertook several months of research and development prior to approval of the Product by KL Outdoors.

9.      On December 10, 2018, KL Outdoors issued purchase order 112548 to Plaintiff Advance. ("PO 1")  (**Exhibit B**)

10.     On December 27, 2018, KL Outdoors issued a purchase order 112816 to Plaintiff Advance. ("PO 2")  (**Exhibit C**)

## COUNT I

## BREACH OF CONTRACT

11.     Plaintiff hereby incorporates paragraphs 1 through 9 as though fully set forth herein.

12.     The Consignment Agreement between the parties provided that Advance and KL Outdoors would monitor inventory levels and projected usages to determine reorder timing.

13.     KL Outdoors failed to provide inventory levels and projected usages to Advance.

14. The Consignment Agreement provided that purchase orders would be issued based upon inventory levels and projected usages.

15. The Consignment Agreement placed no requirements on delivery time.

16. PO 1 contained "desired" receipt dates.

17. PO 1 referenced "terms and conditions found on buyer's website at http:/www.sundolphin.com.

18. Terms and conditions were not on KL Outdoors's website http:/www.sundophin.com.

19. Advance advised KL Outdoors that they were not kept informed of inventory and had no knowledge that the current product was in use.

20. Advance reminded KL Outdoors that the Product would need to be ordered from China and required long lead times.

21. KL Outdoors proceeded to issue a second purchase order, PO 2.

22. Advance provided regular updates to KL Outdoors regarding delivery.

23. On or about February 4, 2019, Advance advised KL Outdoors that the Product would not arrive by the delivery date set forth the on PO 1 and PO 2.

24. Following the information provided on or about February 4, 2019, KL Outdoors did not cancel PO 1 or PO 2.

25. On or about Feb 13, 2019, Advance provided KL Outdoors with adequate assurances that suitable replacement product would be available in the interim until the Product arrived if needed.

26. KL Outdoors agreed to receive replacement product in the interim if needed.

27. On or about March 6, 2019, Advance gave KL an update of the Finished Goods and Work In Process materials in China.

28. On or about March 6, 2019, Advance also provided KL Outdoors with sample replacement packaging for use until the Product arrived if needed.

29. On or about March 26, 2019, Advance provided KL Outdoors with an updated delivery date for PO 1 Product in late April 2019 and a delivery date for PO 2 Product to arrive approximately 30 to 45 days later.

30. Following the information provided on March 26, 2019, KL Outdoors did not cancel PO 1 or PO 2.

31. KL Outdoors, by its actions and omissions, accepted the assurances and cure for the later delivery of the Product.

32. On or about April 23, 2019, Advance advised KL Outdoor that the Product had arrived.

33. On or about April 24, 2019, KL Outdoors notified Advance for the first time that they ordered replacement product from another supplier, but that they would accept delivery after current inventory was depleted.

34. On or about July, 2019, the parties met and discussed usage forecasts for the Product that Advance was now warehousing.

35. On or about August 15, 2019, the parties again discussed timing as to when the Product would be released to KL Outdoors.

36. KL Outdoors subsequently refused to accept delivery of the Product set forth in PO 1 and PO 2.

37. KL Outdoors suffered no impairment in the value of its merchandise due to the delay in delivery of the Product.

38. The Consignment Agreement, PO 1 and PO 2 constitute valid contracts between Advance and KL Outdoors.

39. KL Outdoors breached the Consignment Agreement, PO 1 and PO 2 by its failure to pay for the Product that it ordered pursuant to the parties' agreements.

**DEFENDANT IS LIABLE TO PLAINTIFF FOR DAMAGES**

40. On or about January 27, 2020, Defendant New KL Outdoors incorporated and thereafter acquired substantially all the assets of KL Outdoors, including its trademark name, KL Outdoors.

41. On and after April 27, 2020, Defendant New KL Outdoors filed an application to do business in Michigan, assumed the name KL Outdoors, and continued the business of KL Outdoors at its Muskegon, Michigan location.

42. Defendant New KL Outdoors shares common ownership, management and employees with KL Outdoors.

43. Defendant New KL Outdoors occupies the same place of business as KL Outdoors, including its headquarters and at least three production facilities.

44. Defendant New KL Outdoors is a mere continuation of KL Outdoors.

45. As a result of Defendant's breaches, Plaintiff has incurred damages, including but not limited to $142,217.28 (PO1 and PO2) plus warehousing charges exceeding $20,000 to date plus other costs and expenses.

WHEREFORE, Plaintiff requests that this Honorable Court enter a judgment for breach of contract in favor of Plaintiff and against Defendant in an amount to which it is entitled, including an award of attorney fees and costs, and such other relief the court deems reasonable and just.

Respectfully submitted,

Respectfully submitted,

**SULLIVAN, WARD, PATTON,
 GLEESON & FELTY, P.C.**

By:   /s/ *Sheri B. Cataldo*
      SHERI B. CATALDO (P39276)
      Attorney for Plaintiff
      400 Galleria Officentre, Suite 500
      Southfield, MI 48034
      (248) 746-0700
      scataldo@sullivanwardlaw.com

Dated: August 16, 2021

W2499334.DOCX